IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CASEY JACOBS                                                                                          PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:07CV383DPJ-JCS

McALISTER'S CORPORATION                                                                              DEFENDANT

ORDER

This employment case is before the Court for consideration of attorneys' fees. In the interest of expediency, the parties have asked the Court to rule without written opinion and have waived their rights to appeal. Although the Court will accommodate this request, it will provide a minimal explanation for its conclusion that Plaintiff is entitled to $55,000 in fees and $3,192.25 in expenses.

The stipulation that Plaintiff prevailed on the FMLA claim satisfies the statutory threshold for awarding fees, but "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, the following approach was followed. First, the Court calculated the lodestar product based on an hourly rate of $275.[1] The Court then considered the factors addressed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to include, as *Hensley* highlights, "the amount involved and the results obtained." 461 U.S. at 430. In this regard, the Court found Defendant's interpretation of *Hensley* to be more accurate.

In this case, Plaintiff plainly did not attain the result she intended, recovering a small settlement that is a fraction of the claimed relief. Moreover, this was a single plaintiff case with

---

[1]This amount is more that the Court recently awarded to a highly skilled attorney and should carry no precedential value as defendant did not dispute the request.

little impact beyond these parties. Still, the Court agrees with Plaintiff that a simple mathematical reduction based on the percentage of successful claims is not appropriate. Nor would it be appropriate to measure success solely in terms of the ultimate settlement amount. Furthermore, there are other *Johnson* factors that would not support the deep discount Defendant urges.

As *Hensley* notes, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id*. at 436. Having reviewed each of Plaintiff's time entries, the Court concluded that a line-by-line analysis was not possible, but the exercise did reflect that a fair amount of time would have been incurred even without the unsuccessful claims (*e.g*., pre-trial conferences, depositions, etc.). Based on all of this, the fees were reduced to an amount the Court found reasonable and reflective of the degree of success attained. Finally, while the Court did consider Defendant's arguments with respect to the quality of record-keeping and wasted time, it did not make a substantial adjustment having found the time entries to be generally clear and Plaintiff's voluntary adjustments adequate.

The parties, having announced to the Court that the case has been otherwise settled, finds that it should now be dismissed, with prejudice, each party to pay their own costs and expenses except as otherwise stated herein.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE